# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **COLBY PERRY, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) CIVIL ACTION 23-0017-WS-M |
| | ) |
| **NATIONWIDE MUTUAL INSURANCE** | ) |
| **COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

The plaintiffs have filed a motion for leave to amend the complaint, (Doc. 7), a motion to substitute parties, (Doc. 9), and a motion to remand. (Doc. 10).[1]

A plaintiff may amend once as a matter of course within 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1)(B). Those conditions are met in this case. The motion for leave to amend is therefore **denied as moot**. The first amended complaint, (Doc. 8), is now the operative pleading in the case.

The motion to remand is based on the first amended complaint. The original complaint, which was the operative pleading at the time of removal, demanded compensatory damages in excess of $67,000, plus punitive damages of $200,000 to $335,000. (Doc. 1-1 at 7-10). The first amended complaint reduces the plaintiffs' demand, including punitive damages, to no more than $74,000. (Doc. 8 at 6). The plaintiffs acknowledge both that the Court's subject matter jurisdiction attached upon removal of a complaint demanding over $75,000 and that such jurisdiction is not lost by a

---

[1] The first two of these motions violate the formatting requirements applicable in this District. *See* General Local Rule 5. The plaintiffs are **ordered** to comply with those requirements in all future filings.

post-removal reduction of the amount in controversy. (Doc. 10 at 2).[2] Nevertheless, they argue that the reduced demand makes remand "appropriate" based on "judicial economy." (*Id*.). There is no "judicial economy" exception to the Court's jurisdiction or to its "virtually unflagging obligation … to exercise the jurisdiction given" it.[3] The motion to remand is thus **denied**.

The motion to substitute seeks to substitute Scottsdale Insurance Company ("Scottsdale") for Nationwide Mutual Insurance Company ("Nationwide") as the sole defendant. The amended complaint adds Scottsdale as a defendant, but it does not delete Nationwide. The Court therefore construes the motion to substitute as a motion for leave to file a second amended complaint that names only Scottsdale as a defendant. So construed, the motion is **granted**. The plaintiffs are **ordered** to file and serve their second amended complaint on or before **January 31, 2023**. The only changes authorized by this order are the deletion of Nationwide as a defendant and the removal of the state court style, (Doc. 8 at 1-2), which is **stricken**.

DONE and ORDERED this 27th day of January, 2023.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[2] *E.g., Pretka v. Kolter City Plaza II, Inc*., 608 F.3d 744, 751 (11th Cir. 2010); *Poore v. American-Amicable Life Insurance Co*., 218 F.3d 1287, 1291 (11th Cir. 2000), *overruled in part on other grounds, Alvarez v. Uniroyal Tire Co*., 508 F.3d 639 (11th Cir. 2007).

[3] *Fisher v. PNC Bank, N.A*., 2 F.4th 1352, 1356 (11th Cir. 2021) (internal quotes omitted).